Lori E. Andrus (SBN 205816)
Micha Star Liberty (SBN 215687)
Jennie Lee Anderson (SBN 203586)
ANDRUS LIBERTY & ANDERSON LLP
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249
lori@libertylaw.com
micha@libertylaw.com
jennie@libertylaw.com

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 07 5143 JCS

| | |
|---|---|
| JULIE YIM and ALBERT LEE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KOREAN AIR LINES CO. LTD., and ASIANA AIRLINES, INC.,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Julie Yim and Albert Lee ("Plaintiffs"), by and through their attorneys of record, bring this civil action for damages and injunctive relief on behalf of themselves and all others similarly situated against Defendants Korean Air Lines Co. Ltd. and Asiana Airlines, Inc. ("Defendants"), and allege on information and belief as follows:

## JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367. Plaintiffs bring this action pursuant to Sections 4 and 16 of the Clayton Act

(15 U.S.C. §§15 and 26) for treble damages and injunctive relief, and reasonably attorneys' fees and costs for injuries arising from violations of the Section 1 of the Sherman Act (15 U.S.C. §1).

2. Venue is proper in this district pursuant to l5 U.S.C. §§ 15 and 22, and 28 U.S.C. §1391 because Defendants transact substantial business in this district. Defendants operate direct passenger flights from this district and a substantial part of the events giving rise to the claims alleged herein arose in this district.

## THE PARTIES

### Plaintiffs

3. Plaintiff Julie Yim is a resident of San Mateo County, California. Yim purchased passenger airfare from Defendant Korean Air Lines Co. Ltd ("Korean Air") between January 1, 2000 and the present ("Class Period") and was damaged as a result of the antitrust violations alleged herein.

4. Plaintiff Albert Lee is a resident of San Mateo County, California. Lee purchased passenger airfare from Defendant Korean Air during the Class Period and was damaged as a result of the antitrust violations alleged herein.

### Defendants

5. Defendant Korean Air is a Korean corporation with its headquarters at 1370 Gonghang Dong, Kangseo Ku, Seoul, South Korea. Throughout the Class Period, Korean Air provided air passenger service to customers, including service between the United States and Korea. Korean Air is the largest air passenger carrier between the United States and Korea.

6. Defendant Asiana Airlines, Inc. ("Asiana") is a Korean corporation with its headquarters at Kangseo, P.O. Box 98 #47, Oseo-dong, Kangseo-Ku, Seoul, Korea. Throughout the Class Period, Asiana provided air passenger service to customers, including service between the United States and Korea.

7. The acts alleged herein were authorized, ordered, or performed by Defendants' directors, officers, managers, agents, employees and/or representatives while actively engaged in the management of Defendants' business affairs.

**Unnamed Co-Conspirators**

8. At all relevant times, other airlines, individuals, partnerships, firms and corporations have participated as co-conspirators with Defendants in the violations alleged herein and have performed acts and made statements in furtherance thereof.

9. At all relevant times, each Defendant was an agent of the other Defendant and their co-conspirators, and in conducting the acts alleged herein, was acting within the course and scope of such agency. Defendants ratified, authorized each other's wrongful acts. Defendants are sued herein individually as participants and aiders and abettors in the unlawful acts that are the subject of this action.

**CLASS ACTION ALLEGATIONS**

10. Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All persons or entities who purchased air passenger transportation services containing at least one segment between the United States and the Republic of Korea from a Defendant between January 1, 2000 and the present.

11. Excluded from the Class are Defendants, Defendants' subsidiaries, parents or affiliates, any governmental entities, co-conspirators, and any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

12. The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is currently unknown to Plaintiffs, Plaintiffs believe that there are thousands of members of the Class.

13. Common questions of law and fact exist as to all members of the Class, including but not limited to the following:

    a. Whether Defendants engaged in a contract, combination or conspiracy to fix, maintain or stabilize the prices of air transportation services and/or allocated the market for air transportation services during the Class Period;

- 3 -

1         b.     Whether Defendants violated Section 1 of the Sherman Act;

2         c.     Whether Defendants' conduct caused the prices of passenger air transportation services between Korea and the United States to be artificially inflated to non-competitive levels; and

        d.     Whether Plaintiffs and Class members are entitled to damages, declaratory and/or injunctive relief.

14. Plaintiffs' claims are typical of the claims of the other members of the Class, and Defendants' illegal practices have affected Plaintiffs and Class members in a similar manner.

15. Plaintiffs will fully and adequately protect the interests of all members of the Class.

16. Plaintiffs have retained counsel experienced in class action and antitrust litigation and have no interests that are adverse to or in conflict with the interests of other members of the Class.

17. The questions of law and fact common to Plaintiffs and the members of the Class predominate over any questions that may affect only individual members.

18. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. The prosecution of separate actions by individual Class members would unduly burden the courts and create a risk of inconsistent or varying adjudications of common questions of law and fact. Substantial economies of time, effort, and expense, would be achieved by adjudicating claims on a class basis, which will assure uniformity without sacrificing procedural fairness or bringing about other undesirable results.

## **INTERSTATE TRADE AND COMMERCE**

19. During the Class Period, Plaintiffs and the other members of the Class purchased air passenger transportation services containing segments between the United States and Korea from Defendants in a continuous flow of interstate and international commerce.

20. Defendants' business activities that form the basis of this complaint were within the flow of, and substantially affected, interstate and foreign trade and commerce.

21. The violations alleged herein have directly and substantially affected interstate commerce in that Defendants deprived Plaintiffs and the Class the benefits of free and open competition with respect to the price of air transportation services, including fuel surcharges, for travel between the United States and Korea.

## FACTUAL ALLEGATIONS

22. Defendants Korea Air and Asiana are the two largest Korean airlines offering international passenger flights between Korea and the United States.

23. Throughout the Class Period, Defendants sold passenger air transportation services containing segments between Korea and the United States to Plaintiffs and Class members. The air transportation services sold included a separate fuel surcharge. Fuel surcharges are designed to allow airlines to recover fuel costs.

24. Beginning in or around January 1, 2000, Defendants conspired to fix the price of air passenger transportation services, including fuel surcharges, by participating in meetings, conversations and communications in which they agreed on the amount to be charged for air passenger transportation services between Korea and the United States, including, but not limited to, uniform fuel charges.

25. Defendants' agreed-upon fuel surcharges did not actual fuel charges, which depend on a number of factors, including but not limited to variable currency rates, use of hedging, aircraft efficiency, flight route efficiency and the airlines' fuel conservation efforts.

26. On or around August 1, 2007, the United States Department of Justice ("DOJ") indicted Korean Air for violations of antitrust laws. Specifically, the DOJ charged that between January 2000 and July 2006, Korean Air participated in a conspiracy to fix fares charged to passengers and certain travel agents for flights between the United States and Korea. Korean Air agreed to plead guilty and pay $300 million in fines for its role in these conspiracies to fix the prices of passenger and cargo flights.

27. On or around August 2, 2007, counsel for Korean Air issued a public apology to its customers, stating that "[w]e're intensifying internal monitoring and education to prevent a repeat of the wrongdoing."

28. On or around August 2, 2007, an Asiana spokes person indicated that it had provided information to authorities regarding the government's criminal charges against Korean Air.

29. Defendants have a history of collusive and anticompetitive conduct. In 2001, for example, the Korean government fined Korean Air 1.77 billion won and Asiana 1.26 billion won for conspiring to fix the price of domestic passenger air transportation services. Both airlines are also members of the Association of Asia Pacific Airlines, which further facilitated the exchange of pricing information.

**VIOLATIONS ALLEGED**

30. Plaintiffs incorporate by reference all of the allegations set forth above as if fully set forth in herein.

31. Defendants by and through their officers, directors, employees, agents or representatives engaged in a contract, combination or conspiracy in an unreasonable restraint of trade in violation of the Section 1 of the Sherman Act (15 U.S.C. § 1).

32. As part of the alleged contract, combination or conspiracy, Defendants contracted, conspired or combined to: (a) engage in meetings, conversations or communications to discuss the prices or and/or allocate the market for air passenger transportation services; (b) agree to the prices that would be charge for air passenger transportation services, including but not limited to fuel surcharges; (c) issue price announcements pursuant to the agreements reached; and (d) engage in meetings, conversations and communications to monitor and adhere to the agreed-upon prices. The contract, combination or conspiracy alleged herein is a per se violation of the federal antitrust laws and constitutes an unreasonable and unlawful restraint of trade.

33. The effects of the conspiracy and combination alleged herein include the following:

   a. competition in air passenger services has been restrained;

1               b.      prices for air passenger services have been fixed, maintained or
2 stabilized at artificially high and noncompetitive levels; and
3               c.      Plaintiff and Class members have been deprived the benefits of
4 free, open and unrestricted competition in the market for air passenger services
5       34.     As a direct result of Defendants' unlawful conduct, Plaintiff and Class
6 members paid more air transportation services than they would have in the absence of
7 Defendants' illegal conduct.  As a result, Plaintiffs and Class members have been injured and
8 sustained damages to their business and property in an amount to be determined at trial.
9       35.     Plaintiff and Class members are also entitled to an injunction against
10 Defendants to arrest and prevent the violations alleged herein.

**FRAUDULENT CONCEALMENT**

12      36.     Any applicable statutes of limitations affecting the causes of action of
13 Plaintiffs and Class members are tolled by virtue of Defendants' fraudulent concealment of the
14 unlawful combination and conspiracy alleged herein.
15      37.     Plaintiffs could not have discovered the existence of the combination
16 alleged at an earlier date by exercise of reasonable diligence because Defendants affirmatively
17 concealed their unlawful conduct by falsely attributing the price increases to operating costs.
18 Plaintiffs had no reason to question the explanations proffered by Defendants and, in any event,
19 could not verify the accuracy of Defendants' deceptive statements, which were based on
20 information in Defendants' exclusive possession and control.  Defendants' purported reasons for
21 the price increase were materially false and misleading and were designed to conceal the
22 anticompetitive nature of the conduct alleged herein.
23      38.     Throughout the relevant time period, the prices of air passenger
24 transportation services were artificially inflated and maintained as a direct result of Defendants'
25 undisclosed anticompetitive conduct.

**PRAYER FOR RELIEF**

27    WHEREFORE, Plaintiffs on behalf of themselves and the members of the Class, demand
28 judgment against Defendants as follows:

1.  A declaration that this action be properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and an order directing reasonable notice be given to Class members;

2.  An injunction permanently enjoining Defendants from continuing the unlawful conduct alleged herein;

3.  A declaration that the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be a restraint of trade or commerce in violation of Section 1 of the Sherman Act;

4.  An award of damages to Plaintiff and Class members as provided by law, and joint and several judgment in favor of Plaintiff and the Class against the Defendants, in an amount to be trebled in accordance with the antitrust laws;.

5.  An award of attorneys' fees and costs; and

6.  Further different relief as the case may require and the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the proposed Class, demand a jury trial in this action for all of the claims so triable.

Dated: October 5, 2007

_____
Jennie Lee Anderson

Lori E. Andrus
Micha Star Liberty
Jennie Lee Anderson
ANDRUS LIBERTY & ANDERSON LLP
1438 Market Street
San Francisco, CA 94102
Telephone: (415)896-1000
Facsimile: (415)-896-2249

*Attorneys for Plaintiffs and the Class*

CLASS ACTION COMPLAINT